NOUD v. VAN BEUREN & NEW YORK BILLPOSTING CO.

(Supreme Court, Appellate Term, First Department.   December 11, 1913.)

LANDLORD AND TENANT (§ 169*)—ACTIONS—SUFFICIENCY OF EVIDENCE.

In an action against the lessee of the roof of a building for advertising purposes under a lease requiring it to make all necessary repairs to the roof, but providing that it should not be responsible for damage to the roof caused by the negligent or willful acts of other parties, evidence *held* insufficient to show that leaks in the roof causing damage to the ceiling and contents of the rooms thereunder were caused by such lessee's negligence.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 664–667, 681–684; Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Thomas J. Noud against the Van Beuren & New York Billposting Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Charles O. Maas, of New York City, for appellant.

Lawrence L. Levy, of New York City, for respondent.

LEHMAN, J.  The plaintiff has leased to the defendant the roof of certain premises for advertising purposes, and under the terms of the lease it was agreed that the tenants "shall make all necessary repairs to said roof at their expense, upon being notified in writing of the ne-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cessity thereof; but the tenants shall not be held responsible for any damage to said roof, caused by negligent or willful acts of occupants of building or any person other than the employés of the tenants." The plaintiff showed that the ceilings of the rooms under the roof were damaged, and the contents of the rooms injured by leaks from the roof, and he has recovered a judgment for the consequent damages.

It is not disputed that this judgment cannot be sustained unless it is fairly inferable from the evidence that the leaks in the roof are caused by the negligence of the defendant or its servants, and not by the negligence of any third party. It is claimed by the plaintiff that the evidence permits this inference because it was shown that the defendant and its servants are the only persons who have any business on the roof, and that the defendant is therefore liable upon the theory that proof that water flowed from certain premises makes out a prima facie case of negligence against the person in exclusive control of the premises. The difficulty with this case, however, is that the defendant is not shown to have had exclusive control of the roof in such a manner that nobody but its servants had access to it. It was shown that the roof could be approached not only from the scuttle in this building but also from the adjoining roofs, and by the terms of the lease itself it was expressly agreed that the defendant should not be held liable for the willful or negligent acts of others.

It is true that there is some evidence that the gutters on the roof were somewhat clogged with paste and paper used in the defendant's business, but it does not appear how that fact could have caused the leaks complained of. It may well be that upon a new trial the plaintiff may, by evidence of the nature of the leaks, show that the defendant is responsible for the condition of the roof, but he has not shown it in this record.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.